IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MICHAEL TED LAMB** | § | |
| **TDCJ-CID #790214** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-07-449** |
| | § | |
| **WARDEN OSCAR MENDOZA, ET AL.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION OF THE ORDER DENYING MOTION FOR
PREPARATION OF TRANSCRIPTS AT PUBLIC EXPENSE**

On June 4, 2010, a jury found that plaintiff should take nothing on his constitutional claims against defendants, and final judgment was entered in defendants' favor. (See D.E. 101). Plaintiff appealed.[1] (See D.E. 133, 139).

On January 3, 2011, plaintiff filed a motion to have the trial transcript transcribed at the public's expense, and a motion for copy of the trial transcripts. (D.E. 134, 136). On January 6, 2011, plaintiff's motions were denied without prejudice because plaintiff failed to list the issues he planned to raise on appeal. (D.E. 142).

On January 18, 2011, plaintiff filed a motion for reconsideration of the order denying his transcript requests. (D.E. 143). In his motion, plaintiff argues that he adequately set forth the errors that he intends to raise on appeal such that a transcript is warranted. Id. Indeed, plaintiff claims that he will raise the following issues on appeal:

---

[1] The Court granted plaintiff's motion to reopen the time for filing his appeal. (See D.E. 126, 129, 132).

    1.    Whether he is entitled to nominal damages;

    2.    Whether the jury was instructed properly on liability;

    3.    Whether he was entitled to a punitive damages instruction;

    4.    Whether he is entitled to injunctive relief; and

    5.    Whether the verdict was against the weight of the evidence.

Id. Plaintiff maintains that these issues necessitate that a trial transcript be produced, and that he be provided a copy of the transcript, at the government's expense.

Although plaintiff has identified the issues he seeks to raise on appeal, there is no need for a trial transcript at this time. As to issues 2 and 3, the Court's instructions to the jury are filed at D.E. 109, and plaintiff was provided with a copy of the instructions at trial. Thus, plaintiff need not obtain an entire trial transcript to raise and argue these issues on appeal. See Moore v. Waiwright, 633 F.2d 406, 408 (5th Cir. 1980) (the State is not "obligated to automatically supply a complete verbatim transcript...").

For issues 1 and 4, plaintiff maintains that he is entitled to nominal and punitive damages and/or injunctive relief. To the contrary, plaintiff was seeking compensatory damages for deliberate indifference to his serious medical needs based on excessive noise in the McConnell Unit dormitories due to domino slamming. The District Court denied plaintiff's post-trial motion for injunctive relief because plaintiff failed to request injunctive relief in his pleadings (D.E. 120). Moreover, plaintiff did not prevail on the merits of his

case, and thus is not a candidate for injunctive relief.[2]  Plaintiff does not need a transcript to argue this issue on appeal.

On the issue of nominal and punitive damages, plaintiff failed to request an instruction on nominal or on punitive damages.  Plaintiff was represented by able counsel at trial, and his failure to raise these issues amount of a waiver of his right to argue this issue on appeal.  AG Acceptance Corp. v. Veigel, 564 F.3d 695, 700 (5th Cir. 2009).  Plaintiff does not need a transcript to argue this issue on appeal.

Plaintiff's last issue for appeal is that the verdict was against the weight of the evidence.  However, plaintiff offers no specific arguments to support this general claim.  It is well settled that the State is not "required to furnish complete transcripts so that the [plaintiff] may conduct 'fishing expeditions' to seek out possible errors at trial.  Jackson v. Estelle, 672 F.2d 505, 506 (5th Cir. 1982).  The law also does not require a more complete transcript when a [plaintiff] is completely unable "to indicate one specific error committed during the portions of trial not included in the record." Cf. United States v. Renton, 700 F.2d 154, 159 (5th Cir. 1983).

Plaintiff was represented by counsel at trial.  Moreover, plaintiff was present for the entire trial, and he was capable of taking notes or recording whatever errors he perceived at

---

[2] "[T]he standard for a permanent injunction is essentially the same as for a preliminary injunction with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success." Dresser-Rand Co. v. Virtual Automation, Inc., 361 F.3d 831, 847 (5th Cir. 2004) (citing Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 107 S. Ct. 1396 (1987)).

that time.  However, he has not explained in any detail how the verdict is against the evidence.  He has not summarized evidence or testimony to support his general allegation that the verdict is against the weight of the evidence.  Plaintiff must provide additional information as to what evidence supports his claims and how that evidence is contrary to the jury's decision.

Should the Fifth Circuit request a copy of the transcript, then plaintiff may petition this Court for a copy of the transcript at the government's expense.  Thus, plaintiff's motion for reconsideration (D.E. 142) is DENIED.

ORDERED this 27th day of January, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE